Firm No 39907

16953 NBH HDR
FILED
7/7/2020 10:19 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020L005812

FILED DATE: 7/7/2020 10:19 AM  2020L005812

**IN THE CIRCUIT COURT OF COOK COUNTY ILLINOIS COUNTY**

**DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| LETICIA NAVARRO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 2020 L 005812 |
| | ) | |
| HOME DEPOT U.S.A, INC., a Foreign | ) | JURY DEMAND |
| Corporation d/b/a HOME DEPOT STORE | ) | |
| #1950 | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER TO PLAINTIFF'S COMPLAINT AT LAW**

**NOW COMES** the Defendant, HOME DEPOT, U.S.A., by and through its attorneys, MCVEY

& PARSKY, LLC and in Answer to the Plaintiff's Complaint at Law states as follows:

**COUNT I — NEGLIGENCE**

1.  On and prior to June 27, 2018, Defendant, HOME DEPOT, was a foreign corporation present

and conducting business in the State of Illinois and was in good standing with the Illinois Secretary of

State.

**ANSWER: This defendant admits to the allegations contained and Count 1 of plaintiff's**

**Complaint at Law.**

2.  On and prior to June 27, 2018, the Plaintiff, LETICIA NAVARRO, was a resident of the City of

Chicago, County of Cook, State of Illinois.

**ANSWER:  This defendant admits the allegations contained in Count 1 of plaintiff's Complaint at**

**Law.**

7-30-2018                                20170193682                                6020180730013764

Firm No 39907                                                                  16953 NBH HDR

FILED DATE: 7/7/2020 10:19 AM   2020L005812

3.      On or about June 27, 2018, and for a long time prior thereto, Defendant, HOME DEPOT,

owned and/or maintained, or had a duty to maintain by and through its agents, employees, and/or

assigns, a certain commercial premises located at or near 1300 South Clinton Street, in the City of

Chicago, County of cook, State of Illinois, colloquially referred to as HOME DEPOT STORE #1950.

**ANSWER: This defendant will admit  that it owned the store. Further answering, this defendant**

**will admit those duties imposed upon it by law but states that the plaintiff has incorrectly stated**

**those duties and therefore denies the remaining allegations contained in paragraph 3 of plaintiff's**

**Complaint at Law.**

4.      That on or about June 27, 2018, the Plaintiff, LETICIA NAVARRO, was lawfully on said

premises located at or near 1300 South Clinton Street, in the City of Chicago, County of Cook, State of

Illinois.

**ANSWER: This defendant admits the allegations contained in paragraph 4 of the plaintiff's**

**Complaint at Law.**

5.      That at all times relevant Defendant, HOME DEPOT, by and through its agents, employees,

and/or assigns, had a duty to maintain its premises in a reasonably safe manner for all those lawfully on

the premises, to include the Plaintiff herein, LETICIA NAVARRO.

**ANSWER: This defendant admits those duties imposed upon it by law but states that the plaintiff**

**has incorrectly stated those duties and therefore denies the allegations contained in paragraph 5 of**

**plaintiff's Complaint at Law.**

6.      Notwithstanding aforesaid duty, Defendant, HOME DEPOT, by and through its agents,

employees, and/or assigns, hazardously allowed items, namely several porcelain or ceramic floor and

wall tiles, to be placed loosely or improperly secured upon a shelf of a shelving unit in an area

Firm No 39907                                                                 16953 NBH HDR

FILED DATE: 7/7/2020 10:19 AM   2020L005812

frequented by customers, thereby creating a dangerous condition on the premises.

**ANSWER: This Defendant denies the allegations contained in paragraph 6 of the Plaintiff's**

**Complaint at Law.**

7.      As a result of aforesaid dangerous and hazardous placement of items upon Defendant's shelving

units, the Plaintiff, LETICIA NAVARRO, was struck and injured by the aforementioned porcelain or

ceramic floor and wall tiles when they fell upon her from the shelves and shelving unit.

**ANSWER: This defendant denies the allegations contained in paragraph 7 of the plaintiff's**

**Complaint at Law.**

8.       At aforesaid time and place, Defendant, HOME DEPOT, by and through its agents, employees,

and/or assigns, acted with less than reasonable care and was then and there guilty of one or more of the

following carless acts and/or omissions:

   (a)      Placed items on its shelves such that they were unstable and not secured, thereby
            creating an unreasonably dangerous condition encountered by Plaintiff, causing her
            injury;

   (b)      Allowed items to remain on its shelves in an Insecure and unstable condition,
            thereby creating a hazard;

   (c)      Improperly operated, managed, maintained and controlled its premises in allowing
            its shelving units and the items thereupon to remain in an unsecure, dangerous, and
            poor condition;

   (d)      Failed to warn the Plaintiff and other persons lawfully on said premises of the
            dangerous condition when Defendant knew or should have known in the exercise of
            ordinary care that said warning was necessary to prevent injury to the Plaintiff,

   (e)      Failed to make a reasonable Inspection of its premises when it knew or in the
            exercise of ordinary care should have known that said inspection was necessary to
            prevent injury to the Plaintiff and others lawfully on said premises;

   (f)      Failed to repair, maintain, or otherwise correct a dangerous hazard on its premises
            and/or shelving unit:

Firm No 39907                                                                              16953 NBH HDR

FILED DATE: 7/7/2020 10:19 AM   2020L005812

(g)     Failed to provide adequate safeguards to prevent Plaintiff from injury while Plaintiff
was lawfully upon said premises; and,

(h)     Was otherwise careless and negligent in failing to keep its premises and/or shelving
unit safe.

**ANSWER: This defendant denies the allegations contained in paragraph 8 of Plaintiff's
Complaint at Law and subparagraphs a-h.**

9.      As a direct and proximate result of one or more of the foregoing careless acts and/or omissions
of Defendant, HOME DEPOT, the Plaintiff, LETICIA NAVARRO, sustained serious and permanent
injuries when she was struck by the aforementioned falling porcelain or ceramic floor and wail tiles;
was required to seek extensive medical consultation and treatment; has expended, and will in the future
expend, grant sums of money to be healed and cured of her maladies; suffered, and will in the future
continue to suffer, great pain, anguish, and physical and mental suffering; and, was deprived of
earnings to which she might have otherwise been entitled.

**ANSWER: This defendant admits that it owned the store but denies the remaining vague
allegations contained in paragraph 9 of Count II of Plaintiff's Complaint at Law.**

WHEREFORE, Defendant Home Depot U.S.A. Inc prays that this court enters judgment in its
favor and against the Plaintiff, Leticia Navarro and to dismiss the Plaintiff's complaint with prejudice and
costs.

## COUNT II
### Res Ipsa Loquitur

Leticia Navarro v. Home Depot U.S.A., Inc. d/b/a Home Depot Store #1950

1.—8. Plaintiff restates, realleges, and incorporates by reference all allegations set forth in paragraphs I
through 83 including all subparts therein, of Count I as if fully set forth in Count IL.

**ANSWER: This defendant repeats and realleges its responses to the allegations contained in**

Firm No 39907                                                                                        16953 NBH HDR

FILED DATE: 7/7/2020 10:19 AM   2020L005812

**paragraph 1-8 as fully set forth herein.**

9.      As alleged above, at aforesaid time and place the Plaintiff, LETICIA NAVARRO, was lawfully

on the premises owned, operated, and/or maintained by Defendant, HOME DEPOT.

**ANSWER: This defendant denies the vague allegations contained in paragraph 9 of Count II of**

**the Plaintiff's Complaint at Law.**

10.     Pursuant to the doctrine of res ipsa loquitur, the acts and/or omissions of Defendant, HOME

DEPOT, may be presumed and/or inferred to be negligent because:

        (a)      The porcelain or ceramic floor and wall tiles would not have fallen from the

        shelving unit in the absence of Defendant's negligent acts or omissions;

        (b)      The placement of porcelain or ceramic floor and wall tiles, or any other object

        placed upon Defendant's shelving units, was exclusively in the control and/or

        management of Defendant and its agent* employees, and/or assigns; and,

        (c)      The Plaintiffs conduct did not cause or contribute to the occurrence complained

        of.

**ANSWER: This defendant denies the allegations contained in paragraph 10 of Count II of**

**Plaintiff's Complaint at Law including subparagraphs a-c.**

11.     As a direct and proximate result of one or more of the foregoing careless acts and/or omissions

of Defendant, HOME DEPOT, the Plaintiff, LETICIA NAVARRO, sustained serious and permanent

injuries when she was struck by the aforementioned falling porcelain or ceramic floor and wall tiles;

was required to seek extensive medical consultation and treatment; has expended, and will in the future

expend, great sums of money to be healed and cured of her maladies; suffered, and will in the future

Firm No 39907                                                                       16953 NBH HDR

FILED DATE: 7/7/2020 10:19 AM   2020L005812

continue to suffer, great pain, anguish, and physical and mental suffering; and, was deprived of

earnings to which she might have otherwise been entitled.

**ANSWER: This defendant denies the allegations contained in paragraph 11 of Count II of**

**plaintiff's Complaint at Law.**

WHEREFORE, Defendant Home Depot U.S.A. Inc prays that this court enter judgment in its

favor and against the Plaintiff, Leticia Navarro and dismiss the Plaintiff's complaint with prejudice and

with costs.

Respectfully submitted,

HOME DEPOT U.S.A., INC.

BY:     _/s/Noel B. Haberek_____
        Noel B. Haberek, Jr. (#6203567)
        One of Its Attorneys

**MCVEY & PARSKY, LLC**
30 N. LaSalle Street, Suite 2100
Chicago, Illinois 60602
Ph.:    312-551-2130
Fax:    312/551-2131
Email: nbh@mcveyparsky-law.com
Firm No:      39907